D. John Thornton, Esq. (Idaho Bar No. 1533)
THORNTON BYRON LLP
Justin C. Jones, Esq. (Idaho Bar No. 8093)
THORNTON BYRON LLP
Richard M. Weber, Esq. (Idaho Bar No. 7526)
THORNTON BYRON LLP
Riverfront Plaza
3101 W. Main St., Suite 200
Boise, ID 83702
Telephone (208) 344-8600
Facsimile (208) 344-8720
jthornton@thorntonbyron.com
jjones@thorntonbyron.com
rweber@thorntonbyron.com
Counsel for Petitioners

**U.S. COURTS**

**FEB 0 3 2010**

Rcvd_____Filed_____Time____
ELIZABETH A. SMITH
CLERK, DISTRICT OF

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF IDAHO

| | |
|---|---|
| ALAN PESKY and WENDY PESKY, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| | ) |
| v. | ) Case No. MS 10 - 6789 EJL |
| | ) |
| UNITED STATES OF AMERICA, | ) **PETITION TO QUASH INTERNAL** |
| | ) **REVENUE SERVICE SUMMONSES** |
| Respondent. | ) (Oral Argument Requested) |
| | ) |
| | ) |

Petitioners Alan Pesky and Wendy Pesky (the "Petitioners"), hereby petition this Court

to quash the four IRS Summonses served on Lou Lunte ("Mr. Lunte"), John (Stoney) Burke ("Mr.

Burke"), Guy Bonnivier ("Mr. Bonnivier") and Trent Jones ("Mr. Jones"), all of which were

issued on or about January 15, 2010.  Petitioners allege the following:

PETITION TO QUASH - 1

FEE PAID
R# 1397

## I. INTRODUCTION AND BACKGROUND

1.      This proceeding is brought pursuant to 26 U.S.C. § 7609(b)(2) to quash four IRS

civil administrative summonses dated January 15, 2010 (the "Summonses") served by Respondent

through its agent, the Internal Revenue Service ("IRS") Agent Shane Cole ("Agent Cole") on Mr.

Lunte, Mr. Burke, Mr. Bonnivier and Mr. Jones with notice to the Petitioners.  Copies of the

Summonses are attached hereto as Exhibit A.

2.      Notice of the Summonses was provided to Petitioners through their counsel of

record on January 25, 2010 via certified mail.  Copies of the certified mail envelopes, with

postmarks, for the Summonses are attached hereto as Exhibit B.

3.      The Summonses all purport to relate to Petitioners' 2002 through 2004 tax years

and seek information concerning a Conservation Easement granted by Petitioners to The Nature

Conservancy on or about March 7, 2002, which encumbered certain real property located in

Ketchum, Idaho (the "Conservation Easement").  Ex. A.

4.      The Conservation Easement and documents related thereto were the subject of a

lengthy income tax audit of Petitioners Alan and Wendy Pesky, as well as two proceedings, one

completed and one pending, before this Court and a pending appeal to the Ninth Circuit Court of

Appeals. United States v. Richey, 2009 U.S.Dist. LEXIS 17,794 (Idaho 2009), Case No. CV 08-

452-S-EJL (a copy of the Court's memorandum opinion is attached as Exhibit C); Stern v. United

States No. CV-09-MC-6670; and United States v. Richey Ninth Circuit Court of Appeals No. 09-

35462.

5.      Petitioners' federal income tax returns for the year 2002 were timely filed on or

before October 15, 2003.  See Declaration of Justin C. Jones attached hereto as Exhibit D at ¶ 3.

PETITION TO QUASH - 2

6.      With respect to Petitioners' 2003 and 2004 tax years, which were the subject of the above referenced income tax audit, the Government issued a statutory notice of deficiency in December of 2008 (the "Second Statutory Notice") which, *inter alia*, determined that the Conservation Easement had no value, denied the entire deduction claimed by the Petitioners with respect to the Conservation Easement and assessed taxes, penalties and interest with respect to the denied deduction.  The Petitioners consented to the assessment of the tax, penalties and interest set forth in the Second Statutory Notice and paid the full amount due. Ex. D ¶ 4-7.

## II. PARTIES, JURISDICTION AND VENUE

6.      This Court has jurisdiction over this proceeding and venue is proper pursuant to 26 U.S.C. § 7609(h)(1) because Mr. Lunte, Mr. Burke, Mr. Bonnivier and Mr. Jones all reside, or have their primary business offices, in Idaho.

7.      Petitioners are entitled to notice of the Summonses pursuant to 26 U.S.C. § 7609(a)(1) because they are identified in the Summonses.

8.      Petitioners have standing to file this Petition pursuant to 26 U.S.C. § 7609(b)(2)(A).

9.      Respondent will be served pursuant to 26 U.S.C. § 7609(b)(2)(B) by sending a copy by registered or certified mail to Agent Cole, and by serving the United States of America as required by Fed. R. Civ. P. 4(i).  Mr. Lunte, Mr. Burke, Mr. Bonnivier and Mr. Jones, the summonsed parties, will also be served pursuant to 26 U.S.C. § 7609(b)(2)(B) by sending a copy of this Petition to them by registered or certified mail.

///

///

///

PETITION TO QUASH - 3

### III.  MOTION TO QUASH SUMMONS

**A.   Summons Enforcement**

10.     Although the taxpayer must bring a proceeding to quash a third-party summons pursuant to 26 U.S.C. § 7609(b)(2), "the relevant substantive law of summons enforcement is largely unchanged and the "ultimate burden of persuasion" with respect to the IRS' right to encodement of the summons remains on the Government.   Moutevelis v. United States, 561F.Supp. 1211, 1214 (M.D. Pa. 1983), aff'd, 727 F.2d 313 (3rd Cir. 1984) (quoting S. Rep. No. 97-494 at 283, reprinted in 1982 U.S.C.C.A.N. 1027, 1029 (legislative history of 26 U.S.C. § 7609)); United States v. Gertner, 65 F.3d 963, 968-69 (1st Cir. 1995).

11.     In order to establish a *prima facie* case for enforcing an administrative summons, the IRS must show that "...[1] the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already in the Commissioner's possession, and [4] that the administrative steps required by the Code have been followed."   U.S. v. Powell et al., 379 U.S. 48, 57-8 (1964).

12.     In addition to the elements for summons enforcement established in Powell, the enforcement of a summons may be challenged on any appropriate ground, such as where it is issued for an improper purpose, is overly broad or seeks information protected by a legal privilege.   Reisman v. Caplin, 375 U.S. 440, 449 (1964); United States v. Cox, 73 F. Supp. 2d 751, 758 (S.D. Tex. 1999); United States v. Beacon Sav. & Loan, 718 F.2d 49, 53-55 (2nd Cir. 1983).

///

///

PETITION TO QUASH - 4

13.    The Summonses in the present case are not enforceable and should be quashed for the following reasons:

      a.    The Respondent failed to follow "…the administrative steps required by the Code…" by failing to provided notice of the Summonses to Petitioners within three days of issuing the Summonses; and <u>Powell</u> at 58.

      b.    The Summonses were issued for an improper purpose in bad faith.

**B.    Respondent Cannot Establish a *Prima Facie* Case for Enforcement of the Summonses Because Notice of the Summonses Was Not Provided to Petitioners Within the Time Required by the Internal Revenue Code**

14.    When issuing a third-party summons, such as the Summonses at issue in the present case, the Internal Revenue Service ("IRS") is required to give notice of the issuance of the summons to the taxpayer who is the subject of the summons within three days of service of the summons on such third-party, by making personal service upon the taxpayer or delivering notice via certified or registered mail.  26 U.S.C. 7609(a)(1)-(2).

15.    As noted above, the IRS did not provide notice to Petitioners' counsel of the issuance of the Summonses until January 25, 2010, some ten days after the Summonses were allegedly issued and served upon Mr. Lunte, Mr. Burke, Mr. Bonnivier and Mr. Jones.

16.    In order to establish a *prima facie* case for summons enforcement the IRS must establish that "…the administrative steps required by the Code have been followed."  <u>Powell et al.</u>, supra at 58.

17.    Petitioners acknowledge that under the authorities applicable in this jurisdiction "[m]inor violations should be excused were the IRS acts in good faith and there is no prejudice

PETITION TO QUASH - 5

to the taxpayer," but respectfully submit that the IRS was not acting in good faith, because it was seeking an advantage in holding the notices for ten days, half of the time provided for a taxpayer to bring a motion to quash under 26 U.S.C. 7609(b)(2); and further, that the IRS has previously been put on notice in related proceedings that this Court expects the service requirements set forth in the Internal Revenue Code to be complied with.   United States v. Richey, 2009 U.S.Dist. LEXIS 17,794 (Idaho 2009), citing, Sylvester v. United States, 978 F.2d 24, 27-28 (1st Cir. 1992); United States v. Payne, 648 F.2d 361, 363 (5th Cir. 1981).

18.    Because the IRS has failed to comply with the administrative requirements of the Internal Revenue Code in issuing the Summonses, Respondent cannot, as a matter of law, make a *prima facie* case for enforcement of the Summonses under Powell and, accordingly, the Summonses should be quashed.

## C.    The Summons Was Issued for an Improper Purpose in Bad Faith

19.    In a summons enforcement proceeding, the Court may inquire as to the underlying reason for the examination in order to determine whether the summons was issued for an improper purpose. Powell, supra at 58. A summons is issued for an improper purpose if it is issued "...to harass the taxpayer or to put pressure on him..., or for any other purpose reflecting on the good faith of the particular investigation." *Id*.

20.    Petitioners respectfully submit that the following facts are more than sufficient to infer a lack of good faith on the part of the IRS:

a.    The IRS spent nearly two full years on its audit of the Peskys, and received substantial amounts of information regarding the Conservation Easement in that process. Ex. D ¶ 2, 4, 8-11.

PETITION TO QUASH - 6

b.    The failure of the IRS to provide notice of the Summonses to Petitioners for ten days after the date of issuance is an obvious attempt to limit Petitioners' ability to bring a motion to quash the Summonses within the 20-day period allowed by 26 U.S.C. 7609(b)(2).  Ex. B.

c.    With respect to Petitioners' 2002 tax year, the statute of limitations for assessment and collection of income tax of three years under 26 U.S.C. 6501(a) ran on or before October 15, 2006.  Ex. D ¶ 3.

d.    With respect to Petitioners' 2003 and 2004 tax years:

   (i)    The IRS has issued the Second Statutory Notice which, *inter alia*, concluded that the Conservation Easement had no value and denied the entire deduction claimed by Petitioners with respect to the charitable contribution of the Conservation Easement that is the subject of the Summonses; Ex. D ¶ 4.

   (ii)    Petitioners have consented, in writing, to the assessment and collection of the tax, penalties and interest resulting from the denial of the deduction for the charitable contribution of the Conservation Easement, as well as all other items reflected in the Second Statutory Notice;  Ex. D ¶ 5.

   (iii)    The IRS had assessed the tax, penalties and interest consented to by the Petitioners; and  Ex. D ¶ 6.

   (iv)    The Petitioners have made payment of the full amount of taxes, penalties and interest assessed by the IRS with respect to the Second Statutory Notice.  Ex. D ¶ 7.

PETITION TO QUASH - 7

e.   The IRS has previously made a blatant attempt to circumvent the authority of this Court by issuing the Summons that is at issue in <u>Stern v. United States</u> No. CV-09-MC-6670, seeking the exact same materials that this Court held were not subject to IRS summons in <u>United States v. Richey</u>, 2009 U.S.Dist. LEXIS 17,794 (Idaho 2009).

f.   The IRS previously issued a summons to Mr. Burke and received, on or before December 30, 2008, Mr. Burke's entire file regarding the Conservation Easement; accordingly, the present summons is duplicative. Ex. D ¶ 8.

g.   The IRS has previously issued one or more summons and/or information and document requests to The Nature Conservancy, in response to which The Nature Conservancy has provided both documents and testimony regarding the Conservation Easement; accordingly, the summonses issued to Mr. Lunte, Mr. Bonnivier and Mr. Jones, in their capacities as present and former employees of The Nature Conservancy, are duplicative. Ex. D ¶ 9-11.

22.   Petitioners respectfully submit that, taken as a whole, the Summonses in the present case and the facts set forth above provide substantial evidence supporting the inference that the IRS' purpose in issuing the Summonses is to harass and intimidate the parties who are subject to the Summonses and, by association, the Petitioners, which is an improper purpose for which this Court may quash the Summonses.

## IV. CONCLUSION

WHEREFORE, Petitioners respectfully pray that this Court enter an order quashing the Summonses issued to Mr. Lunte, Mr. Burke, Mr. Bonnivier and Mr. Jones on or about January

PETITION TO QUASH - 8

15, 2010. Petitioners also respectfully request that the Court enter an order requiring Respondent to reimburse Petitioners for all costs and disbursements incurred in this action, and awarding Petitioners such other and further relief as the Court deems just and proper.

Dated this 3rd day of February, 2010.     **THORNTON BYRON LLP**


By:  /s/ Justin C. Jones
     Justin C. Jones, Esq.
     Counsel for Petitioners

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 3rd day of February, 2010, a true and correct copy of the foregoing Petition to Quash Internal Revenue Service Summons was served as indicated below, to the following parties at the following addresses:

Attn: Civil Process Clerk              Via Certified Mail
United States Attorney
District of Idaho
800 Park Blvd., Ste. 600
Boise, ID 83712

Attorney General of the United States  Via Certified Mail
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

Shane Cole                             Via Certified Mail
IRS Revenue Agent
550 W. Fort St., Mail Stop 4463
Boise, ID 83724

Lou Lunte                              Via Certified Mail
The Nature Conservancy
950 Bannock Street, Suite 210
Boise, ID 83702

PETITION TO QUASH - 9

Trent Jones                          Via Certified Mail
Hall & Hall Ranch Brokers
560 2nd Avenue North
Ketchum, ID 83340

John (Stoney) Burke                  Via Certified Mail
Hall & Hall Ranch Brokers
560 2nd Avenue North
Ketchum, ID 83340

Guy Bonnivier                        Via Certified Mail
1122 East 1520 North
Richfield, ID 83349

Matthew N. Evans                     Via Certified Mail
Ray Quinney & Nebeker
PO Box 45385
Salt Lake City, UT 84145-0385

Jeffrey W. Appel                     Via Certified Mail
Ray Quinney & Nebeker
PO Box 45385
Salt Lake City, UT 84145-0385


                              /s/ Justin C. Jones
                              Justin C. Jones, Esq.
                              Counsel for Petitioners

PETITION TO QUASH - 10